UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON OLSON,<br><br>　　　　Petitioner,<br>　v.<br><br>WASHINGTON COUNTY, THE STATE OF MINNESOTA, THE DISTRICT COURT OF WASHINGTON COUNTY, LORI SWANSON, Attorney General for the State of Minnesota, Judge JOHN C. HOFFMAN, Judicial Officer for Washington County, and UNKNOWN CHIEF ADMINISTRATOR FOR THE ST. PETER HOSPITAL IN MINNESOTA,<br><br>　　　　Respondents. | Civil No. 12-2807 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's self-styled pleading entitled "Third Amended Habeas Corpus Petition and/or Petition for Prohibition, or Petition for Writ of Habeas Corpus and/or Petition for Prohibition," (hereafter "petition"). (Docket No. 9.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

## I. BACKGROUND

In early July 2012, Petitioner was arrested in Washington County, and charged with violating Minn.Stat. § 609.26 – "Depriving another of custodial or parental rights." (Petition, p. 6.) He was accused of unlawfully taking custody of his daughter for approximately one week. (Id.) Petitioner apparently views his state criminal case as the latest chapter in a long-running conspiracy that has been wrought against him by various Minnesota law enforcement officials. (Id., pp. 6-9; 27.) At some point during Petitioner's state criminal case, he was released on bail.[2]

The current petition includes numerous references to "Rule 20," which suggests that Petitioner's state criminal case has been interrupted because of the trial court's concerns regarding Petitioner's mental competency.[3] Unfortunately, Petitioner has provided no specific information about the how the Rule 20 competency proceedings have unfolded in

---

[2] Petitioner contends that even though he is not actually incarcerated, he is nevertheless "in custody" for habeas corpus purposes, because his bail could be revoked and he could be placed in pre-trial detention. For now, the Court accepts that proposition. See Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 300-01 (1984) (criminal defendant who is released on his personal recognizance is deemed to be "in custody").

[3] Rule 20.01, subd. 3, of the Minnesota Rules of Criminal Procedure states:

"If the prosecutor, defense counsel, or the court, at any time, doubts the defendant's competency, the prosecutor or defense counsel must make a motion challenging competency, or the court on its initiative must raise the issue. The defendant's consent is not required. The motion must provide supporting facts, but must not include communications between the defendant and defense counsel if disclosure would violate the attorney-client privilege. By bringing the motion, defense counsel does not waive the attorney-client privilege. If the court determines that reason exists to doubt the defendant's competency, the court must suspend the criminal proceedings and proceed as follows...."

the trial court.[4] It is clear, however, that Petitioner does not believe he should be subject to a competency determination in his state criminal case, and he is now seeking a writ of habeas corpus, (or a writ of prohibition[5]), that would enjoin the state court from proceeding any further with any Rule 20 activity. Petitioner contends that the state court's Rule 20 proceedings are unconstitutional for several reasons.[6] However, none of those arguments can be addressed on the merits in the current habeas corpus action, because Petitioner has not exhausted his state court remedies.

## II. DISCUSSION

As a general rule, a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state detainee unless he has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based

---

[4] The lack of specific information regarding the Rule 20 proceedings is puzzling and vexing, because all of Petitioner's current claims for relief appear to be directly related to those proceedings, and the Court has previously instructed Petitioner (twice) that he must provide a complete description of the apposite state court proceedings giving rise to the present petition. (See Order dated December 10, 2012, [Docket No. 5], p. 3; Order dated January 7, 2013, [Docket No. 8], pp. 1-2.)

[5] Petitioner's request for a "writ of prohibition" must be summarily rejected, because a state court is not a lower court over which a federal district court has appellate jurisdiction. See Siler v. Storey, 587 F.Supp. 986, 987 (N.D.Tex.1984) ("[w]rits of prohibition traditionally have been used by appellate courts to exert their revisory powers over inferior courts, but it is not an appropriate remedy to control jurisdiction of other, nonsubordinate courts").

[6] In two previous orders, (Docket Nos. 5 and 8), the Court has expressly instructed Petitioner that he must clearly label and identify each individual ground for relief that he is attempting to raise in this action. However, Petitioner has ignored that instruction, and as a result, it is impossible to readily identify each specific claim that he is attempting to bring in his current petition. It is only clear that he is claiming that the state court's Rule 20 proceedings are somehow violating his federal constitutional rights.

3

on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988). To exhaust his state court remedies, a detainee must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845. In Minnesota, this means that a state detainee must have presented all of his claims to the Minnesota Supreme Court before any of those claims can be entertained in a federal habeas corpus action. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)"); O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

The present case is different from most habeas corpus proceedings initiated by individuals in state custody, because Petitioner is not challenging a state criminal conviction or sentence, or any other final state court judgment. It is therefore doubtful that Petitioner is eligible for habeas corpus relief under 28 U.S.C. § 2254, which is the traditional federal post-conviction remedy for individuals who are being detained by state authorities. See Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir.) (detainee's "petition under 28 U.S.C. § 2254 is improper because that section applies only to post-trial situations and

affords relief to a petitioner 'in custody pursuant to the judgment of a state court'"), cert. denied, 484 U.S. 956 (1987); Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999) ("[s]ection 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges").

However, a state detainee can sometimes seek federal habeas relief before the entry of a final state court judgment under 28 U.S.C. § 2241,[7] as Petitioner has attempted to do here. See Dickerson, 816 F.2d at 224 ("[p]re-trial petitions... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"); Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-62 (11th Cir. 2004) ("because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241"), cert. denied, 543 U.S. 1051 (2005); Hirsch, 66 F.Supp.2d at 986 ("[p]re-judgment habeas relief is available... under 28 U.S.C. § 2241"); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir.) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"), cert. denied, 449 U.S. 1014 (1980); Woodard v. Plummer, No. C 98-0040 CRB (PR), (N.D.Cal. 1998), 1998 WL 30092

---

[7] 28 U.S.C. § 2241(a) provides that –

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions...."

28 U.S.C. § 2241(c)(3) further provides that –

"The writ of habeas corpus shall not extend to a prisoner unless – ...
    (c) He is in custody in violation of the Constitution or laws or treaties of the United States."

5

at *1 ("[a] pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. § 2241(c)(3)").

Although § 2241 does not include a statutory exhaustion requirement comparable to that found at § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241. Dickerson, 816 F.2d at 225 ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); Moore v. DeYoung, 515 F.2d 437, 442 (3rd Cir. 1975) ("28 U.S.C. § 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. In this area, an exhaustion requirement has developed through decisional law, applying principles of federalism."); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."), cert. denied, 446 U.S. 908 (1980); Hirsch, 66 F.Supp.2d at 986 ("'[w]hile not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial petitions'"), quoting Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D.Wis. 1999); Tran v. Bartow, 210 Fed.Appx. 538, 540 (7th Cir. 2006) (unpublished opinion) ("[o]nly in 'special circumstances' will relief under §

2241 be available to a state prisoner before trial... and even then only if the prisoner has exhausted available remedies in the state courts"); Powell v. Saddler, No. 12 C 2928 (N.D.Ill. 2012), 2012 WL 3880198 at *3 ("to properly pursue a claim under § 2241 a [pre-trial detainee] petitioner must have exhausted his state court remedies"). See also Davis v. Mueller, 643 F.2d 521, 525 (8th Cir.) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), cert. denied, 454 U.S. 892 (1981).

Petitioner's current § 2241 habeas corpus petition cannot be entertained, because he has not exhausted his state court remedies. It plainly appears on the face of the petition that none of Petitioner's current claims for relief have been fairly presented to, and decided on the merits by, the Minnesota Supreme Court. (Petition, p. 5, 10, 11.) Because Petitioner has not satisfied the exhaustion of state court remedies requirement, the Court will recommend that this action be summarily dismissed, without prejudice, pursuant to Rule 4 of the Governing Rules.

As a final aside, the Court cautions Petitioner that he should not plan to simply refile his current petition, if the Minnesota Supreme Court ultimately declines to grant him the relief he is seeking. Even if the Minnesota Supreme Court hereafter rules against Petitioner, his current petition (if it were to be resubmitted) would be confronted by two critical obstacles.

First, it is not presently apparent that Petitioner has fairly raised all of his federal constitutional claims in the Minnesota Supreme Court. A federal habeas court can address only claims that have been fairly presented as federal constitutional claims in the state courts. Furthermore, a federal court cannot entertain a habeas corpus petition filed by a

state detainee unless all of the claims presented in the petition have been previously raised and decided in the state's highest court. See Rose, 455 U.S. at 510, 522 (a "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion). Therefore, if Petitioner ever files a new habeas corpus petition in federal court, he must present only those specific federal constitutional claims that have been raised and decided in the Minnesota Supreme Court.

More importantly, perhaps, even if Petitioner does hereafter file a petition that raises only fully exhausted federal constitutional claims, he will have to somehow avoid or overcome the abstention doctrine established by the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971). In Younger, "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000). "'Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.'" Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981), quoting Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974). For this additional reason, Petitioner should not plan to rush back to federal court if the Minnesota Supreme Court denies relief on his current challenges to his Rule 20 proceedings. In light of the Younger abstention doctrine, it is unlikely that any habeas corpus petition filed by Petitioner will be addressed on the merits in federal court while his criminal case is still pending in the state courts, (including the state appellate courts).

Lastly, having determined that this action must be summarily dismissed because of

Petitioner's failure to exhaust his state court remedies, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: January 24, 2013

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before February 7, 2013.